# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:14-cr-166
                                         Also Case No. 3:16-cv-363

                                         District Judge Walter Herbert Rice
- vs -                               Magistrate Judge Michael R. Merz

AMILCAR ANTONIO CORTEZ-GRANDE,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

Defendant Amilcar Cortez-Grande has filed pro se a Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 83) and the case is before the Court for initial review under Rule 4 of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

**Procedural History**

On December 3, 2014, the grand jury for this District indicted Cortez-Grande on one count of conspiring to distribute one kilogram or more of heroin (Count One), using a firearm during and in relation to a drug trafficking crime (Count Two), being a convicted felon in possession of a firearm (Count Three), and illegal re-entry into the United States after deportation (Count Five)(Indictment, ECF No. 13).

On May 28, 2015, Cortez-Grande entered into a written Plea Agreement with the United States under which he agreed to plead guilty to Counts One and Two (ECF No. 35).  As part of the Plea Agreement, the parties agreed that a sentence of between 60 and 120 months would be an appropriate disposition.  The Government agreed to amend Count One to charge a lesser included offense under 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C) which reduced the mandatory minimum and possible maximum sentence.  Judge Rice accepted the guilty plea and referred the case to the Probation Department for a Presentence Investigation Report ("PSR"). Having reviewed the PSR, Judge Rice sentenced Cortez-Grande to thirty months on Count One and a consecutive sixty months on Count Two (Judgment, ECF No. 49, PageID 275).

Although the § 2255 Motion says Cortez-Grande did not appeal (ECF No. 83, PageID 516, ¶ 8), the docket reflects that a Notice of Appeal was filed November 24, 2015 (ECF No. 51).  The Sixth Circuit Court of Appeals assigned the case No. 15-4295 and the Sixth Circuit's docket shows that case remains pending.

## Analysis

Cortez-Grande pleads one ground for relief:

> **Ground One:**  My sentence violates the U.S. Constitution.
> **Supporting Facts:**  The characterization of my conviction for possession of a firearm in furtherance of drug trafficking crime-violent (crime/drugs/machine gun) in Count Two, under 18 U.S.C. § 924(c) is illegal and must be vacated.  The "crime of violence" as [sic] issue here, which is related to my conviction for Conspiracy to Possess with the Intent to Distribute Heroin (Count One), no longer qualify [sic] as a "crime of violence: in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), as made retroactive by *Welch v. United States,* 136 S. Ct. 1257 (2016) which invalidated the residual clause.

(Motion, ECF No. 83, PageID 518.)

Cortez-Grande is correct in his understanding that in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague.  But *Johnson* has no application to this case.  Cortez-Grande pled guilty to and was convicted of a drug trafficking crime (conspiracy to distribute heroin) and using a firearm in relation to that crime.  The ACCA was not involved in any way in his plea or sentence.  Nor does this case involved any of the other "residual" clauses found elsewhere in the federal criminal code because there is no classification of any of his offenses, present or past, as a violent felony.  Rather, 18 U.S.C. § 924(c)(1)(A) provides a mandatory minimum consecutive five years imprisonment – the sentence Cortez-Grande received – for anyone who uses or carries a firearm during and in relation to any drug trafficking crime.

**Conclusion**

Because the *Johnson* line of cases has no application to this case, the instant § 2255 Motion should be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 23, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).